[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15391
The plaintiff commenced these proceedings as a small claims action against the defendants Rick Dalton and R.P. Dalton Paving ("Dalton Paving") on June 19, 2000.
The defendant Richard P. Dalton, Jr. thereafter moved this court to transfer the action to the regular docket of the Superior Court. That motion was granted on June 27, 2000.
The claim set forth in the plaintiff's small claims writ and notice of suit is the only complaint filed by the plaintiff in the above-captioned matter.
In his small claims writ, the plaintiff alleges "[Defendant(s)] refuses to honor warranty and repair defective paving work performed on or about July 30, 1999 at the plaintiff's property located at 67 Dallas Terrace in Waterbury, Ct."
The defendant, Rick Dalton, thereafter filed an Answer to the plaintiff's claim in which he denied entering into any contract with the plaintiff personally and further alleging that he is an agent of R.P. Dalton Paving Fuel Oil, Inc. and that he has no personal liability with regard to the agreements set forth in the Complaint.
He further alleged that he does not do business as "R.P. Dalton Asphalt Paving."
The issues were joined and a court trial was conducted.
At trial, the plaintiff offered evidence and testimony to establish his claim that on or about July 30, 1999, he entered into a contract with the defendant Dalton Paving, which required said defendant to pave certain areas of two separate pieces of real property owned by the plaintiff in the cities of Waterbury and Bristol. He further alleges that the work was done by Dalton Paving and that pursuant to the written contract (Plaintiff's Ex. A), it included the following work at the Waterbury property consisting of" resurfacing of 9944 square feet of parking lot and sidewalk. 2 in. asphalt 1 1/2 finish" and "rip up and repave 1714 sq. ft. of driveway in rear of building 3 in. asphalt 2 in. finish".
The plaintiff testified that the defendant Dalton Paving did the paving pursuant to the contract as requested by the plaintiff.
The plaintiff then offered evidence and testimony that approximately CT Page 15392 three weeks after the completion of the paving work, he noticed puddles on the surface of the newly paved areas and contacted the defendant to have the problem corrected. The defendant thereafter returned to the property and did additional repaving at the request of the plaintiff.
Despite the subsequent work by the defendant, water reappeared on the surface and water below the surface caused the paved surface to rise up — especially when cold weather caused the ground water to freeze. As a result, according to the plaintiff's testimony, the pavement rose up sufficiently to prevent the doors of storage units to swing open thereby causing the plaintiff to have to remove the doors and take other corrective measures.
The plaintiff cited a handwritten warrantee on the original contract (Plaintiff's Ex. A) which provided for "Three year warranty on area in front of storage sheds" which was signed by "Rick Dalton".
In his defense, the defendant Richard Dalton testified that while he did sign the warranty in question, it was not as an individual, but as an agent and representative of R.P. Dalton Paving Fuel Oil, Inc. He also testified that the paving company did exactly what it contracted to do for the plaintiff and that any water problems which contributed to the problems with the pavement were a natural consequence of the ground water table in that area and that such problems were well known to the plaintiff.
He further testified that there is no claim that the defendant did not perform all of the work it contracted to do — including installation of a layer of base material consistent with the agreement between the parties. He noted that the amount of fill needed to reduce or eliminate the ground water problem would have been approximately 10 inches of base material, but the plaintiff did not contract for that more extensive — and more expensive — option. He further testified that, consequently the water won out over the pavement and caused the problems complained of by the plaintiff. Having considered the claims of the plaintiff — including photographs (Plaintiff's Exhibits B and C) of the areas of pavement in question, the court finds that the pavement and the paving job were not defective. The water collecting on and below the pavement is found to be a different problem.
Having heard the evidence and testimony the court determines that the "warranty" which was subsequently afforded to the plaintiff was a warranty that the pavement itself would remain stable and free from cracks and other disintegrative deficiencies. It was not a warranty that water would not continue to be a reoccurring problem. Had that been the objective of the subsequent work, there would have been much more work CT Page 15393 and material involved and at a considerably greater cost to the plaintiff. That did not take place because that was not the contractual intent of the parties.
The plaintiff requested and received addition surface work on a specific portion of his property. He got what he contracted for and he got what he paid for.
The plaintiff has failed to prove by a fair preponderance of the evidence that his contract required the defendant to do more than it did and he has failed to prove that the work which the defendant did perform was inherently defective or in any way a breach of the subsequent warranty.
Having made that finding, it is unnecessary for the court to take up and consider what, if any, personal liability the defendant Rick Dalton may have had, individually, on the subsequent warranty.
Also, the court need not take up the jurisdictional issue concerning the failure of the plaintiff to cite in and name as a party defendant the corporate defendant R.P. Dalton Asphalt Paving Fuel Oil, Inc.
Judgment is to enter for the defendants and against the plaintiff
By the Court,
Joseph W. Doherty, Judge